***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 13, affirmed September 27, 2023

In the Matter of C. A. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. A. B.,
*Appellant.*

Multnomah County Circuit Court
22CC00761; A178140

Jenna R. Plank, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this civil commitment proceeding, appellant challenges the trial court's judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms based on the court's determination that he is a person with mental illness such that he was a danger to others. *See* ORS 426.130(1)(a)(C) (providing for civil commitment of a "person with mental illness" under specified conditions); ORS 426.005(1)(f)(A) (defining "[p]erson with mental illness" to include a person who, because of a mental disorder, is "[d]angerous to *** others"). Appellant's challenge on appeal is narrow: He contends that the record lacks sufficient evidence to support the trial court's finding that he was a danger to others. We affirm.

Neither party has requested that we review the record *de novo*, and we conclude that this is not an "exceptional" case that warrants *de novo* review. *See* ORAP 5.40(8)(c) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). Thus, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome. *State v. T. W. W.*, 289 Or App 724, 726, 410 P3d 1032 (2018). Because the parties are familiar with the factual and procedural background, we do not set out those facts for this nonprecedential memorandum opinion.

We have reviewed the record and conclude that there is legally sufficient evidence to support the trial court's determination. Appellant, who was diagnosed with bipolar I disorder with signs of delusions and irritability, engaged in increasingly threatening and hostile acts toward his neighbors. The neighbors described profanity-laced rants and threats of violence, including threats to kill them, along with appellant throwing lit fireworks at them and brandishing a weapon while uttering the threats. There is evidence in the record that appellant's escalating threats were credible and imminent. In short, after reviewing the record and applying our standard of review, we readily conclude that

there is sufficient evidence to support the court's determination that appellant was a danger to others.

Affirmed.